**BIAO YANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4757–ag.**

United States Court of Appeals, Second Circuit.

June 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Michael B. Mukasey is automatically substituted for former Acting Attorney Peter D. Keisler as the respondent in this case.

Lin Li, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Brooke M. Maurer, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Biao Yang, a native and citizen of the People's Republic of China, seeks review of an October 19, 2007 order of the BIA affirming the February 2, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Biao Yang,* No. A 77 590 760 (B.I.A. Oct. 19, 2007), *aff'g* No. A 77 590 760 (Immig. Ct. N.Y. City Feb. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but declining to remand on futility grounds).

We conclude that substantial evidence supports the agency's adverse credibility determination. First, the IJ accurately noted that while Yang indicated in his written application that his wife went into hiding alone when her pregnancy began to show, he testified that both he and his wife hid at his friend's home in Changle City in September 2001. Likewise, although Yang stated in his written application that fami-

ly-planning officials came to his home on October 7, 2001, after his wife had given birth to a girl, he testified that the officials came on October 6. In the same vein, while Yang stated in his written application that upon hearing the news that family planning officials were looking for them, his wife hid "in her parents' house," he testified that she went to "a relative's home arranged by her mother." We also find support in the record for the IJ's observation that while Yang initially testified that authorities told his mother that if he did not "report," he would be sterilized. On cross-examination, however, Yang testified only that his mother was told that he and his wife needed to "return [them]selves." Although Yang provided explanations for these inconsistencies, the IJ was not compelled to accept the explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). Thus, while such inconsistencies, on their own, may have been minor, when weighed together the IJ properly deemed them consequential. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted).

In addition, the IJ reasonably found that it was implausible that Yang would "hide" and work in Shanghai when he had officially registered to reside there. We have held that "in assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir.2007) (per curiam). Here, because the IJ's finding was tethered to the record, we will not disturb it.

The IJ also reasonably found it implausible that Yang did not have his wife join him in Shanghai and that he only spoke to his wife one time after they went into hiding. In light of Yang's varying responses to questions regarding why his wife did not join him in Shanghai, as well as his claim that he did not speak to his wife in 2002 even though she was at her parents' home when he called, the IJ was justified in finding these aspects of Yang's testimony implausible. *See id.* Having called Yang's testimony into question, the IJ also reasonably found that the absence of corroborative evidence further undermined his credibility. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 78 (2d Cir. 2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007) (en banc).

Although we have identified errors in the IJ's decision, these errors notwithstanding, his adverse credibility finding was, as a whole, supported by substantial evidence. *See Tu Lin*, 446 F.3d at 402. Accordingly, remand is not required because we can confidently predict that the agency would reach the same decision, absent any errors. *See Xiao Ji Chen*, 471 F.3d at 339–40.

Because the only evidence of a threat to Yang's life or freedom or a likelihood that he would be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.